Dear Gentlemen:
This office is in receipt of your opinion request in which you ask if the advisory groups formed by the Board of the England Economic Industrial Development District under various proposals are subject to the Louisiana Open Meetings Law.
As you stated in your request, you are aware of the definition of both a public body and meetings as defined by La. R.S. 42:4.2. Therefore you should be aware that England Economic Industrial Development District (the "District") and its Board of Commissioners (the "Board") fall under the definition of a public body. However, using the guidelines set forth in § 4.2, the inquiry now is whether the advisory groups created by either board proposal A or B qualifies as a "public body" within the meaning of the "Open Meetings Law."
The main criteria of what constitutes a public body is stated at the end La. R.S. 42:4.2, "[W]here such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph." [Emphasis added.]
It is clear to this office from the materials you sent us that the advisory groups to be created by the board proposals will be a committee or subcommittee of the Board, and as such will "possess advisory or administrative functions." Both proposals state that the advisory group will be made up of members of the Board and the group will make recommendations to the Executive Director thereby subjecting its meetings to the Open Meetings Law.
For further guidance as to whether the proposed advisory group qualifies as a "public body" we turn to La. Atty. Gen. Op. No. 84-395, which opined:
 "The fact that a committee cannot make a final decision of a matter does not remove meetings of that committee from the ambit of the Open Meeting Laws. In summary, any meeting of a public body, or committee thereof, for business purposes would be officially convened, and hence subject to the open meeting requirements of La. R.S. 42:4.1-10, if notice of the meeting is given to its members."
Therefore, it is the opinion of this office that both proposals A and B of the Board would be subject to the "Open Meetings Laws" for the reasons stated above. If we can be of any further assistance, please do not hesitate contact this office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _______________________________ CHARLES H. BRAUD, JR. Assistant Attorney General